IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARDIS ONEAL BRANCH,  ) | |
|     ID # 594264,  ) | |
|         Petitioner,  ) | |
| vs.  ) | No. 3:18-CV-934-N  (BH) |
| ) | |
| BRYAN COLLIER,  ) | |
|         Respondent.  ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

## I.  BACKGROUND

Ardis Oneal Branch (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Bryan Collier, Executive Director of TDCJ-CID.

Petitioner was convicted of burglary of a vehicle in Cause No. F90-54125 in the 204th Judicial District Court of Dallas County, Texas, on June 28, 1991, and he was sentenced to 50 years' imprisonment.  (*See* doc. 1 at 2[1]); *see* www.dallascounty.org (search for petitioner).  The judgment was affirmed on appeal.  *See Branch v. State*, No. 05-91-01150-CR, 1992 WL 86602 (Tex. App. – Dallas Apr. 21, 1992).  He did not file a petition for discretionary review.  *See* www.txcourts.gov (search for petitioner).  Petitioner did file three state habeas applications that were denied.  *See Ex*

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*parte Branch*, WR-24,363-01 (Tex. Crim. App. Mar. 3, 1993); *Ex parte Branch*, WR-24,363-02 (Tex. Crim. App. Aug. 17, 1994); *Ex parte Branch*, WR-24,363-03 (Tex. Crim. App. Feb. 18, 2009). He was paroled at some point, and he claims that his parole was revoked in June 2016. (*See* doc. 3 at 5.) After the parole revocation, he was returned to TDCJ on July 7, 2016. (*See id.* at 13.)

Petitioner's federal habeas petition, received on April 13, 2018, states that it was placed in the prison mail on April 10, 2018. (*See* doc. 3 at 10.) It claims that (1) the oral pronouncement of sentence differed from the written judgment; (2) the sentence was disproportional; (3) he did not get credit for the time he was on parole; (4) he did not understand the sentence; (5) counsel was ineffective. (*See* doc. 3 at 6-7, 12.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.**     **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims regarding his conviction and sentence either became known or could have become known prior to the date his judgment became final.[2] He did not file a petition for discretionary review with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on April 21, 1992. The thirtieth day after that was May 21, 1992. Because Petitioner's conviction became final prior to the 1996 enactment of the AEDPA, he had a one-year grace period, until April 24, 1997, to file his § 2254 petition for the claims regarding the conviction and sentence. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

Under § 2244(d)(1)(D), the factual basis of his claim regarding the lack of sentence credit for time on parole became available on July 7, 2016, when he was returned to TDCJ after the parole revocation. The limitations period for that claim ended on July 7, 2017.

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

B. **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first two state habeas applications were denied before the one-year limitations grace period began on April 24, 1996, so they did not toll the limitations period. His third state habeas application was filed on July 9, 2008, after the limitations period had already expired, so it did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on April 10, 2018, the date that it was mailed.[3] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely for all of the claims.

C. **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party]

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner asserts that for a long time he did not believe he had any post-conviction remedies. Ignorance of the law and lack of knowledge about the filing deadlines does not justify equitable tolling, however. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

Petitioner also asserts that his petition should not be time-barred because the judgment was void. There is no void-judgment exception to the statute of limitations. *See Bashroba v. Stephens*, No. 3:14-CV-43-N, 2014 WL 4805964 at *3 (N.D. Tex. Sept. 2, 2014), *rec. accepted*, 2014 WL 4815787 (N.D. Tex. Sept. 29, 2014).

Finally, Petitioner contends that he should be excused from the time-bar under the miscarriage of justice exception. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence

5

required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 1928, 1935. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 1935-36. Petitioner has not presented a claim of actual innocence based on new evidence, so he has not shown a miscarriage of justice to overcome the limitations bar.

The record does not show that he is entitled to equitable tolling.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 23rd day of April, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE